# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. FITZPATRICK,<br>    Plaintiff,<br><br>v.<br><br>JULIO M. ALGARIN et al.,<br>    Defendants. | CIVIL ACTION<br>NO. 07-4793 |

**Memorandum and Order**

YOHN, J.                                                                                        August ____, 2008

      Plaintiff, acting pro se, filed an Amended Complaint seeking damages under 42 U.S.C. § 1983 for violation of his federal constitutional rights resulting from his incarceration at the Montgomery County Correctional Facility ("MCCF") "for a period of more than 4 months past [his] maximum sentence date of July 19, 2005." (Am. Compl. ¶ 11.)

      Defendants have filed two motions to dismiss plaintiff's Amended Complaint. Defendant Julio Algarin, warden of the MCCF, argues in his motion that plaintiff's claim is time barred. Defendants the Pennsylvania Board of Probation and Parole ("the Board") and retired Board secretaries Kathleen Zwierzyna, Charles Myers, and Lawrence F. Murray (collectively, "the Board defendants") also filed a motion to dismiss asserting the statute of limitations. Additionally, the Board argues that plaintiff's claim against it fails because the Board is not a "person" within the meaning of § 1983 and because suits against the Board are barred by the Eleventh Amendment. The Board defendants, who are sued in their individual and official capacities, also argue that plaintiff's Amended Complaint fails to state a claim as to them and

that they are protected by qualified immunity. For the reasons that follow, I will deny the warden's motion and grant the motion of the Board and Board defendants.

I.      **Factual and Procedural Background**

In September 1998, plaintiff was convicted in the Montgomery County Court of Common Pleas of the crime of escape and sentenced to ten to fifty-nine months' imprisonment at the MCCF. (Am. Compl. ¶ 6.) His maximum sentence date was August 2, 2003. (*Id.* ¶ 7.) In May 1999, plaintiff was denied parole. (*Id.* ¶ 6.) At that time, plaintiff first raised his claim that he had been denied credit for time served in the calculation of his maximum sentence date. (*Id.*)

Plaintiff was paroled in July 2000 after serving twenty-two months. (*Id.* ¶ 6.) In March 2003, plaintiff absconded from parole and was arrested. (*Id.* ¶ 7.) In April 2003, the Board recommitted plaintiff as a technical parole violator to serve twelve months' backtime. (*Id.*) Plaintiff advised the warden, parole staff, and the records department that he was being detained past his maximum sentence date, but he received no response. (*Id.* ¶ 8.) At some point, plaintiff was reparoled.

In February 2004, the Board recommitted plaintiff as a technical parole violator to serve nine months' backtime. (Board's Mem. Supp. Mot. Dismiss Am. Compl. 4.) At that time, the Board recalculated plaintiff's maximum release date to March 26, 2006 pursuant to 61 Pa. Cons. Stat. § 331.21a(a), which provides that a recommitted parole violator shall "serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole." (*Id.*) On June 30, 2004, plaintiff was reparoled, but he was not released until October 2004. (Am. Compl. ¶ 9.) On June 1, 2005,

the Board again recommitted plaintiff as a technical parole violator to serve six months' backtime. (*Id.* ¶ 10.) Plaintiff again advised the warden, parole staff, and the MCCF records department that his maximum sentence date was improperly calculated. (*Id.*)

On July 1, 2005, plaintiff filed a writ of habeas corpus in the Montgomery County Court of Common Pleas, seeking credit for time served and correction of his maximum release date. (*Id.* ¶ 10.) On November 14, 2005, the court issued an order directing that plaintiff receive credit for time served from February 18, 1997 to October 24, 1997. (*See* Algarin's Mem. Supp. Mot. Dismiss Am. Compl. Ex. B.) As a result, on November 16, 2005, the MCCF revised plaintiff's sentence and informed the Board that plaintiff's original maximum sentence date was changed from August 2, 2003 to November 25, 2002. (Board's Mem. 4-5.) The Board then recalculated plaintiff's maximum sentence date from March 26, 2006 to July 19, 2005 on November 23, 2005. (*Id.* at 5.) Plaintiff was released on November 28, 2005, approximately four months after his revised maximum sentence date. (Am. Compl. ¶ 11.)

On November 14, 2007,[1] plaintiff commenced this action, seeking damages for his incarceration "for a period of more than four months past [his] maximum sentence date of July 19, 2005." (*See id.* ¶ 11.) In his Amended Complaint, filed on March 26, 2008, plaintiff alleges that each defendant violated his federal constitutional rights by failing to calculate a correct maximum release date and by acting with deliberate indifference to his liberty interests. (*Id.* ¶¶

---

[1] Plaintiff signed his complaint on October 26, 2007. "[A] pro se prisoner's [submission to the court] is deemed filed at the moment he delivers it to prison officials for mailing to the district court." *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). There is no indication in the record when plaintiff delivered his complaint to prison officials for mailing, but it could have been as early as October 26, 2007. The difference between the date plaintiff signed the complaint and the date the action was commenced as reflected on the docket is immaterial in this case.

6, 7, 9, 10, 11.)  The warden filed his motion on April 7, 2008, and the Board and Board defendants filed their motion on May 30, 2008.  Plaintiff has responded to each motion.

**II.     Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980) (citation omitted).  When evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).  "The issue is not whether [the claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).  "A pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)).

**III.    Discussion**

     **A.     The Warden's Motion to Dismiss**

The warden argues that plaintiff's claim against him must be dismissed because it is time barred.  He asserts that plaintiff's cause of action accrued by July 1, 2005 because at that time

"[p]laintiff admittedly knew of this problem by as early as May of 1999 [and] [p]laintiff was able to marshal the facts necessary to file a petition to correct the problem on July 1, 2005." (Algarin's Mem. 7.)

Section 1983 claims such as plaintiff's are subject to a two-year statute of limitations in federal courts in Pennsylvania. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Generally, a § 1983 cause of action accrues when the plaintiff knew of or should have known of the injury on which the cause of action is based. *Id.* However, when the plaintiff is an inmate and a decision on the plaintiff's § 1983 claim would render the plaintiff's conviction or term of confinement invalid, the § 1983 cause of action accrues when the conviction or term of confinement is invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). This is so because:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 487-88. *Heck* would have barred plaintiff's instant claim had it been filed prior to the favorable resolution of his state habeas claim. *Cf. Royal v. Durison*, 254 F. App'x 163, 165 (3d Cir. 2007) (barring under *Heck* a prisoner's § 1983 claim "that his due process rights were violated when defendants failed to properly investigate his allegation that his time served had been improperly calculated").

In response to plaintiff's habeas petition, he was awarded credit for time served on

November 14, 2005.  Thus, under *Heck*, his § 1983 claim related to his failure to receive credit for time served accrued on November 14, 2005.  He commenced his § 1983 action at least by November 14, 2007.  Therefore, his claim is not time barred.  I will deny the warden's motion to dismiss.[2]

### B.    The Board and Board Defendants' Motion to Dismiss

The Board first argues that the Amended Complaint's claim against the Board must be dismissed because the Board is not a "person" within the meaning of § 1983.[3]  The Board is correct.  The Third Circuit has specifically held that "[t]he Board, of course, cannot be sued [under § 1983] for it is not a 'person' within the meaning of Section 1983." *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").[4]  In addition, the Eleventh Amendment bars suits against the Board.

---

[2] The Board and the Board defendants make the same argument that plaintiff's suit is time barred.  For the same reason, their motion to dismiss on that basis will not be granted.

[3] The relevant text of § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[4] Pursuant to *Will*, the Board defendants, in their official capacities, are also not "persons" within the meaning of § 1983.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71 (internal citations omitted).  Thus, plaintiff's claim against the Board defendants in their official capacities will be dismissed.

*See Ahmad v. Burke*, 436 F. Supp. 1307, 1310-11 (E.D. Pa. 1977) (holding that the Board is an arm of the state for Eleventh Amendment purposes and thus immune from suit); *cf. Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). Therefore, I will grant the Board's motion to dismiss and will dismiss the Board as a party to this lawsuit with prejudice.[5]

The Board defendants argue that the claim against them must be dismissed because "none of these defendants had responsibility for calculating Fitzpatrick's initial maximum term." (Board Mem. 9.) Because they lack responsibility for calculating plaintiff's maximum sentence date as a matter of law, plaintiff's Amended Complaint does not state a claim as to them.

In the context of "[d]etention for a significant period beyond the term of one's sentence," and where the plaintiff has alleged deliberate indifference, the Third Circuit has noted that "[a]mong the circumstances relevant to a determination of whether the requisite attitude was present are the scope of the official's duties and the role he or she has played in the everyday life of the prison." *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989). An official with "no personal involvement in calculating time for inmate sentences" cannot be held liable for a miscalculation of the sentence. *Royal v. Durison*, 319 F. Supp. 2d 534, 539 (E.D. Pa. 2004), *aff'd on other grounds*, 254 F. App'x 163 (3d Cir. 2007).[6]

---

[5] Plaintiff could allege no set of facts stating a claim against the Board under § 1983. A second amended complaint would therefore be futile, and plaintiff's claim against the Board will be dismissed with prejudice.

[6] *Sample* and *Royal* were both decided by applying the Eighth Amendment's "deliberate indifference" standard to the plaintiffs' claims that they were illegally incarcerated beyond the maximum prison terms consistent with their sentences. Plaintiff here specifically alleges

7

The Board does not have the responsibility for, or authority to, calculate county prisoners' maximum terms. *See* 61 Pa. Cons. Stat. § 331.17 (listing the powers of the Board as "to parole and reparole, commit and recommit for violations of parole, and to discharge from parole"); *Commonwealth v. Cavell*, 154 A.2d 257, 349 (Pa. Super. Ct. 1959) ("The Board of Parole has no power to reduce the maximum [sentence]."). Neither party has identified the entity with responsibility for calculating the maximum terms of county prisoners. Respondents cited cases involving state prisoners, whose maximum terms are set by the state Department of Corrections. *See Nickson v. Pa. Bd. of Probation and Parole*, 880 A.2d 21, 24 (Pa. Commw. Ct. 2005) (holding, in the context of a state prisoner, that "[i]t is the Department of Corrections that is 'responsible for calculating the minimum and maximum terms of prisoners committed to its jurisdiction'" and that "[t]his right and responsibility is exclusive to the Department of Corrections" (citing *Gillespie v. Dep't of Corrs.*, 527 A.2d 1061, 1065 (Pa. Commw. Ct. 1987))). Extending the logic of those cases—that state prisoners' maximum sentences are calculated by a state entity—leads the court to conclude that county prisoners' maximum sentences are calculated by the county.[7]

---

violation of his Fourteenth Amendment due process rights stemming from the defendants' "deliberate indifference to plaintiff's liberty interests and illegally depriv[ing] plaintiff of said liberty for a period of more than 4 months past plaintiff's maximum sentence date." (Am. Compl. ¶ 11.) The fact that plaintiff specifically pled violation of his Fourteenth Amendment rights, rather than violation of his Eighth Amendment rights, is of no consequence. *See Higgens v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) ("[A]s [plaintiff] filed his complaint pro se, we must liberally construe his pleadings, and we will 'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999))).

[7] In its motion to dismiss, the Board asserts that "[i]t is axiomatic that either [the] Department of Corrections or the County Correctional Facility, wherever the prisoner is ordered to serve his sentence, is responsible for calculating the minimum and maximum terms of

In his Amended Complaint, plaintiff claims that he was injured by the Board defendants' failure to calculate a "correct maximum sentence date." (Am. Compl. ¶¶ 6, 7, 9, 10, 11.) His claim stems from the omission of four months' credit for time served in his maximum sentence calculation. Given that Pennsylvania law does not give the authority to calculate maximum prison terms to the Board, those calculations are not within the scope of the Board defendants' duties. Therefore, I will grant the Board defendants' motion to dismiss with prejudice, and will dismiss the Board defendants as parties to this lawsuit.[8]

## IV.   Conclusion

Because plaintiff commenced this suit within two years of the accrual of his § 1983 claim, I will deny the warden's motion to dismiss. I will grant the Board and Board defendants' motion to dismiss: the Board is not a "person" within the meaning of § 1983, and it is an arm of the state immune from suit under the Eleventh Amendment; the Board defendants are not members of the entity responsible for calculation of prisoners' maximum prison terms.

An appropriate order follows.

---

prisoners committed to its respective jurisdiction." (Board's Mem. 9.) The Board has provided no authority regarding the responsibility of county correctional facilities for calculating maximum prison sentences of county prisoners like plaintiff, however.

[8] Plaintiff's sole claim against the Board defendants is that he was injured by their failure to correctly calculate his maximum prison term. Because the Board defendants lack responsibility for calculating maximum prison terms as a matter of law, plaintiff could allege no set of facts stating a claim against the Board defendants under § 1983. A second amended complaint would therefore be futile, and plaintiff's claim against the Board defendants will be dismissed with prejudice.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. FITZPATRICK,<br>    Plaintiff,<br><br>        v.<br><br>JULIO M. ALGARIN et al.,<br>    Defendants. | :<br>:<br>:  CIVIL ACTION<br>:  NO. 07-4793<br>:<br>:<br>:<br>:<br>: |

## Order

**AND NOW**, this ____ day of August 2008, upon careful consideration of the motions to dismiss plaintiff's Amended Complaint filed by defendant Algarin (Doc. No. 21) and defendants Pennsylvania Board of Probation and Parole, Zwierzyna, Myers, and Murray (Doc. No. 27), and plaintiff's responses thereto, **IT IS HEREBY ORDERED** that

1.  Defendant Algarin's motion to dismiss is **DENIED**.

2.  The motion to dismiss of defendants Pennsylvania Board of Probation and Parole, Zwierzyna, Myers, and Murray is **GRANTED**. Plaintiff's claim against these defendants is **DISMISSED** with prejudice. These defendants are **DISMISSED** as parties to this lawsuit.

_____William H. Yohn Jr._____
William H. Yohn Jr., Judge